

FILED
U.S. DISTRICT
DISTRICT OF COURT
**U.S. Department of Justice**

2013 OCT -4 P 4: 20

United States Attorney
District of Maryland
Northern Division

---

*Rod J. Rosenstein*
*United States Attorney*

*Matthew W. Lunder*
*Special Assistant United States Attorney*

*36 South Charles Street*
*Fourth Floor*
*Baltimore, Maryland 21201*

*DIRECT: 410-209-4977*
*MAIN: 410-209-4800*
*FAX: 410-962-3091*
*TTY/TDD: 410-962-4462*
*Matthew.Lunder2@usdoj.gov*

September 4, 2013

Kobie Flowers, Esq.
1750 K Street NW Suite 200
Washington, DC 20006

Re:   United States v. Dwayne A. Gentry

Dear Mr. Flowers:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to Dwayne A. Gentry ("the Defendant") by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. The terms of the agreement are as follows:

### Offense of Conviction

1.      The Defendant agrees to waive indictment and plead guilty to a criminal information, pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(1)(C), which will charge him with one count of making a false statement in violation of 18 U.S.C. § 1001(a)(2). The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

### Elements of the Offense

2.      The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

Between approximately January 17, 2012, and October 22, 2012, in the District of

-1-

Maryland,

    a.  The Defendant knowingly and willfully;

    b.  Made materially false, fictitious, and fraudulent statements and representations;

    c.  In a matter within the jurisdiction of the executive branch of the government of the United States.

## Penalties

3.  The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is five years imprisonment, three years supervised release, and a $250,000 fine. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. The fine, should one be imposed, shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise.

The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked – even on the last day of the term – and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

## Waiver of Rights

4.  The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

    a.  If the Defendant had not entered into this plea agreement, he would have had the right to have the allegations against him presented to a grand jury, which would have determined whether or not there was probable cause to believe the Defendant had committed a crime.

    b.  If the Defendant had not consented to the filing of an information and a subsequent plea of guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

    c.  If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise

unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

           d.      If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

           e.      The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

           f.      If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal a verdict and the Court's decisions.

           g.      By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement committed during such a hearing.

           h.      If the Court accepts the Defendant's plea of guilty, there will be no further trial, and the Court will find him guilty.

           i.      By pleading guilty, the Defendant will also be giving up certain valuable civil rights. The Defendant nevertheless affirms that he wants to plead guilty, regardless of such consequences.

## Advisory Sentencing Guidelines Apply

        5.      The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act and must take into account the

advisory guidelines range in establishing a reasonable sentence.

## Factual and Advisory Guidelines Stipulation

6.      This Office and the Defendant understand, agree, and stipulate to the Statement of Facts set forth in Attachment A hereto, which this Office would prove beyond a reasonable doubt. This Office and the Defendant agree and stipulate to the following sentencing guidelines calculation:

>   The base offense level is 6 pursuant to U.S.S.G. §2B1.1(a)(2).

>   The offense level is increased 6 levels pursuant to U.S.S.G. §2B1.1(b)(1)(D). Therefore, the offense level, before any adjustments under Chapter 3 of the sentencing guidelines, is 12.

>   This Office does not oppose a two-level reduction in the Defendant's offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct, under U.S.S.G. §3E1.1(a).

7.      The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender of if the instant offense was part of a pattern of criminal conduct from which he derived a substantial portion of his income.

8.      This Office and the Defendant agree that no other offense characteristics, sentencing guidelines factors, potential departures, or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute.

## Rule 11 (c)(1)(C) Plea

9.      The parties stipulate and agree, pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., that a sentence of 12 months probation and an order of restitution in the amount of $65,410.56 is the appropriate disposition of this case. In the event that the Court rejects this plea agreement, *either* party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his guilty plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5).

## Obligations of the United States Attorney's Office

10.     This Office and the Defendant agree, pursuant to Rule 11(C)(1)(c), Fed. R. Crim. P., that the appropriate disposition of this case is a sentence of 12 months probation and an order of restitution in the amount of $65,410.56. Accordingly, at the time of sentencing, this Office will recommend a sentence of 12 months probation and an order of restitution in the amount of

$65,410.56.

11.     The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct.

## Waiver of Appeal

12.     In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

     a.     The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

     b.     The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except the Defendant reserves the right to appeal his sentence to the extent that it includes a term of imprisonment or exceeds a one-year term of probation.

     c.     Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

     d.     The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Obstruction or Other Violations of Law

13.     The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. §3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this

-5-

Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Court Not a Party

14.     The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, sentence is imposed by the Court, and the Court is under no obligation to accept this plea agreement. In the event the Court rejects this plea agreement, which is entered into pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the Defendant will be informed that he may withdraw his plea pursuant to Rule 11(c)(5), Fed. R. Crim. P. If he persists in the guilty plea thereafter, the Defendant understands that the disposition of the case may be less favorable than that contemplated by this agreement. The Defendant understands that neither this Office, his attorney, nor the Court can make a binding prediction or promise that the Court . will accept this agreement. The Defendant agrees that no one has made such a binding prediction or promise.

## Entire Agreement

15.     This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By:_____
Matthew W. Lunder
Special Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

_10/4/13_
Date

_____
Dwayne A. Gentry

I am Dwayne A. Gentry's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

_10/4/13_
Date

_____
Kobie Flowers, Esq.

## ATTACHMENT A
## STIPULATED FACTS

*This Office and the Defendant stipulate and agree to the following facts that the United States would prove beyond a reasonable doubt if this case proceeded to trial. They further stipulate and agree that these are not all of the facts that the United States would prove if this case proceeded to trial.*

At all times relevant to this case, the Transportation Security Administration ("TSA") was a component of the U.S. Department of Homeland Security, which was part of the Executive Branch of the United States Government. The Defendant, Dwayne A. Gentry, was employed full-time with the TSA, Building Management Services, as a Facilities Management Specialist. Gentry's duty station was located at Annapolis Junction, Maryland.

Gentry was required to maintain a record of his time and attendance, and enter this information on a bi-weekly basis into the TSA's personnel time-monitoring computer system. Gentry's salary was predicated upon him working a forty-hour work week.

Between approximately January 17, 2012, and approximately October 22, 2012, Gentry attested, validated, and submitted time and attendance records indicating that he worked approximately 153 days more than he actually worked. Gentry's attestation, validation, and submission of these time and attendance records were materially false, fictitious, and fraudulent statements and representations made in a matter within the jurisdiction of the executive branch of the government of the United States; specifically, by submitting these false time and attendance records, Gentry caused the executive branch of the government of the United States to issue salary payments to him in the amount of $65,410.56, or, 1224 hours at $53.44 per hour, which he was not entitled to receive. At all times Gentry acted knowingly and willfully.